107 256
107 345
107 432
f 109 146
107 256
110 13

PEOPLE v. BERRY.

1. CRIMINAL LAW—WARRANT—JURISDICTION OF MAGISTRATE—EXAMINATION OF WITNESSES—LOCAL OPTION LAW.

The examination conducted by a justice of the peace prior to the issuance of a warrant of arrest for an offense not cognizable by him need not be reduced to writing, and, therefore, unless the contrary appears, it will be presumed that the justice had before him sufficient proof to confer jurisdiction.

So *held* where, in a prosecution under the local option law, it was contended that the return of the justice failed to disclose that, at the time of issuing his warrant, there was any competent evidence before him tending to establish the fact that the law was in force within the county.

2. SAME—TRIAL—REQUESTS TO CHARGE.

Error will not lie upon the refusal of requests to charge, the substance of which was covered by the charge as given.

3. LOCAL OPTION LAW—PRELIMINARY EXAMINATION—INFORMATION—EVIDENCE WARRANTING.

Evidence adduced upon the preliminary examination of one charged with a violation of the local option law, tending to show that the respondent kept an ordinary saloon for the sale of intoxicating liquors, is *prima facie* sufficient to authorize the filing of an information containing the statutory exceptions in relation to druggists and registered pharmacists.

4. CRIMINAL LAW—WITNESSES NAMED ON INFORMATION—FAILURE OF PROSECUTION TO PRODUCE.

A conviction will not be reversed because of the failure of the prosecution to produce a witness whose name was indorsed upon the information, where it appears that such witness was

beyond the jurisdiction of the court, and that all evidence of the transaction in regard to which he was to testify was stricken out by the trial judge.

5. SAME.

It is not error for the prosecution to refuse to call a witness whose name is indorsed upon the information, where proof of the fact to which he was to testify has become unnecessary.

6. VIOLATION OF LIQUOR LAW—EVIDENCE.

On a prosecution for keeping a place where liquors were illegally sold, evidence that persons were seen to enter such place sober, and afterwards come out intoxicated, is admissible.

Exceptions before judgment from Hillsdale; Lane, J. Submitted November 21, 1895. Decided December 3, 1895.

William Berry and Lyman Strang were convicted of violating the local option law. Affirmed.

*William C. Chadwick,* for appellants.

*Guy M. Chester,* Prosecuting Attorney, for the people.

GRANT, J. The respondents were convicted of a violation of the local option law in force in Hillsdale county.

1. It is first urged that the justice of the peace obtained no jurisdiction to issue a warrant for the arrest of the respondents, and for holding an examination, because his return does not disclose that he had before him any sufficient, competent evidence to establish the fact that the law was in force. The warrant states that he had examined on oath one Mickle and the deputy county clerk. The law does not require these examinations to be reduced to writing, and the presumption, therefore, is that the justice had before him sufficient proof to confer jurisdiction. This point is expressly ruled by *People v. Bechtel,* 80 Mich. 623, 631.

2. Error is next assigned because the circuit judge did not give certain requests in behalf of the respond-

ents in the exact language of the requests. So far as these embodied the law, they were given in substance in the oral charge, and this was sufficient.

3. The information charges the respondent with keeping a saloon where prohibited liquors were sold, and contained the exceptions enumerated in the statute. It is now claimed that there was no evidence adduced upon the examination before the justice covering the various exceptions in the statute. The testimony taken disclosed the situation and character of an ordinary saloon, and there was enough testimony to make a *prima facie* case that the respondents were not engaged in the business of keeping a drug store. Similar testimony was adduced upon the trial, and was sufficient for the jury to find that the respondents were not druggists, and were not keeping a place for the sale of liquors such as the statute permits. It was further proven upon the trial by the county treasurer that the respondents had filed no druggist's bond.

4. Error is assigned in that the court refused to compel the prosecution to call two witnesses whose names were indorsed upon the information. It appeared that one of the witnesses had moved out of the State, and was therefore beyond the jurisdiction of the court. It also appeared that this witness was relied upon to testify to a sale of liquor upon a certain day, and that the judge struck out all evidence of that transaction. Under this state of facts, it was not error to refuse to call the witness. The other witness was secretary of the board of pharmacy, and evidently his name was indorsed for the purpose of showing, if necessary, that respondents were not registered pharmacists. This was not necessary, and it was therefore not essential to call the witness.

5. Testimony was introduced as to the condition of persons seen to go in and out of the defendants' place. This was entirely competent. Black, Intox. Liq. § 497.

Some errors were assigned upon the admissibility of testimony, but we do not consider them of sufficient importance to discuss. We find no error in admitting it.

The conviction is affirmed, and the court below directed to proceed to judgment.

The other Justices concurred.