[Crim. No. 3654. In Bank.—December 26, 1933.]

THE PEOPLE, Respondent, v. OLIVE CLARK DAY, Appellant.

Lorrin Andrews and Edward Moran for Appellant.

U. S. Webb, Attorney-General, William F. Cleary and Frank Richards, Deputies Attorney-General, Buron Fitts, District Attorney, and Jere J. Sullivan and Tracy. Chatfield Becker, Deputies District Attorney, for Respondent.

SHENK, J.—This is an appeal from a judgment of conviction and from an order denying a motion for a new trial in an action charging the defendant with the offense of contributing to the delinquency of a minor.

The principal point argued as a ground of reversal is the alleged error of the trial court in admitting in evidence, in the absence of the prosecuting witness, the testimony of said witness taken at the preliminary examination.

The action was twice tried. A judgment of conviction following the first trial was reversed for reasons not involved in the present appeal. (See *People* v. *Day*, 125 Cal. App 106 [13 Pac. (2d) 855].) On September 8, 1932, the court made an order resetting the cause for trial on Friday, October 14, 1932. On September 12, 1932, the prosecuting witness was personally served with a subpoena to appear at the trial to be commenced on October 14th. On the day last mentioned, after the jury had been sworn to try the cause, it appeared that the prosecuting witness was not present; whereupon the prosecution offered to read

in evidence the testimony of the prosecuting witness taken at the preliminary examination of the defendant. To this offer the defendant objected on the ground that the statutory requirement of due diligence had not been shown. At the request of the prosecution the court therefore issued a bench warrant for the absent witness and continued the trial to the following Monday. On Monday morning in the absence of the jury the prosecution proceeded to lay the foundation for the introduction of the deposition of the absent witness as required by section 686 of the Penal Code. In this behalf there was ample evidence on which the court could find and conclude that the witness had left the apartment with her husband on October 11, 1932, had started by automobile for Mount Vernon, Washington, where the mother of the husband resided, and that in all probability the witness was, at the time of the hearing, without the state of California. Such a finding is necessarily implied from the order made by the court, and was tantamount to a finding that the witness could not "with due diligence be found within this state".

The defendant grounds her claim of error mainly on the following facts: When the cause was called on September 8, 1932, to be set for trial, the attorney for the defendant stated to the court that he had been informed that the prosecuting witness was then within the jurisdiction of the court, but that he believed she would not testify in the case and would attempt to escape from the jurisdiction, and that in such case she should be restrained by the prosecution so that her presence at the trial might be assured. The court made no order with reference to the statements of counsel for the defendant other than to order the cause set down for trial on October 14th. At the hearing on October 17th, with reference to the question whether the deposition should be admitted, it developed that the witness had written a letter to a judge of said court (not the judge who set the cause for trial, nor the judge who presided at the trial), and a similar letter to the deputy district attorney in charge of the case to the effect that she, the witness, did not intend to testify at the trial. These letters were received by the addressees on October 11th, three days before the trial was to commence.

■ It appears to be the position of counsel for the defendant that the trial court should have insured the appearance of the witness at the trial pursuant to an order provided for in section 879 of the Penal Code; but it is conceded by counsel for the defendant that no "proof on oath" was made to the trial judge as required by that section in order to invoke its provisions. Furthermore, the fact that no proceedings were taken under that section would seem to have no material bearing on the question then under consideration on October 17th, namely, whether the witness was then within the jurisdiction of the court.

■ The further fact that the district attorney, after the receipt of the letter on October 11th, failed immediately to have the witness put under bond to insure her appearance as provided by section 879, would likewise have no material bearing on the question before the court, except to fortify the conclusion that the witness was not at that time within the jurisdiction of the court. The district attorney was not bound to proceed under that section. Under the facts as presented he was entitled to rely on the personal service of the subpoena upon the witness. If the subpoena was not effectual the burden was cast upon him to prove at the trial that the witness was without the jurisdiction or could not with due diligence be found within the state. He established the former to the satisfaction of the trial judge, and on the record we find no basis for a charge against the district attorney that he was not diligent in attempting to obtain the attendance of the witness at the trial or that he connived in the least in the purpose and effort of the witness to absent herself from the trial.

■ We conclude that the trial judge did not abuse his discretion in admitting in evidence the deposition of the witness taken at the preliminary examination. (See *People* v. *Ramos*, 52 Cal. App. 492 [199 Pac. 544].) No other points require discussion.

The judgment and order are affirmed.

Seawell, J., Thompson, J., Langdon, J., Preston, J., and Waste, C. J., concurred.