389 P.2d 142

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Jerry Deloud LEGGROAN and Jack Kenneth Leggroan, Defendants and Appellants.**

**No. 10004.**

Supreme Court of Utah.

Feb. 14, 1964.

Tuft, Marshall & McRae, Robert M. Mc-Rae (appointed by the Court), Salt Lake City, for appellants.

---

1. See State Bank of Beaver County v. Hollingshead, 82 Utah 416, 25 P.2d 612; and Quealy v. Sullivan, 42 Utah 565, 132 P. 4.

A. Pratt Kesler, Atty. Gen., Ronald N. Boyce, Deputy Atty. Gen., Salt Lake City, for respondent.

HENRIOD, Chief Justice.

Appeal from a conviction for robbery. Affirmed.

Defendants' two points on appeal are that 1) the transcribed testimony of a non-resident witness, taken at preliminary examination, erroneously was read at the trial in violation of Title 77–45–13,[1] Utah Code Annotated 1953, and that 2) the witness' business or occupation was not brought out by the prosecution or certified by the court reporter as required by 77–15–4.

■ Defendant had counsel at the preliminary hearing, and before trial, who could have taken steps to invoke the provisions of the Act as well as the prosecution, and if defendants' claim that it was incumbent upon the prosecution to take those steps, it would seem that the latter failing, defendants could have done the same the Act not *requiring* any specific person to do so, and not requiring the sister state to comply with any such request from elsewhere.

Perhaps the obvious practical, jurisdictional and possible constitutional problems that might be raised, together with the *permissive* tenor of the Act, have led the courts, wherever the problem has arisen, almost unanimously to conclude that the Act, as to production of witnesses, may be helpful in a given case, permissive in nature, but not mandatory.[2] We think such authorities reflect good reason and logic and we go along with them under the facts of this particular case.

■ The same sort of reasoning and conclusion applies to 77–15–14.[3] The name and last known address of the witness were noted here, but defendants assert that his business or profession was not. The statute conceivably could be read two ways: That it calls for naming the witness' *place* of business or profession, or that his business or profession must have been noted independently of his place of residence. It would appear that there may or may not have been an intention to have the business

1. Having to do with the Uniform Act to Secure the Attendance of Witnesses From Without the State: "If a person in any state * * * (having the uniform reciprocal law) * * * a judge *may* issue a certificate * * * and specify the number of days the witness will be required." (Italics ours).

2. People v. Serra, 301 Mich. 124, 3 N.W. 2d 35 (1942); People v. Hunley, 313 Mich. 688, 21 N.W.2d 923 (1946); State v. Jordan, 83 Ariz. 248, 320 P.2d 446 (1958); People v. Day, 219 Cal. 562, 27 P.2d 909 (1933).

3. "The * * * testimony of the witness must be authenticated * * * (as follows): (1) It *must* state the *name* of the witness, his *place of residence* and his *business or profession*." (Italics ours).

or profession noted separately, although we need not decide the point.

If counsel had desired the record to show the witness' business, he could have obtained it with one simple question on preliminary examination where he had the right to cross-examine. Though the Act has a "must" in it, defense counsel having an easy opportunity to do so, impliedly "must" take advantage of the "must" by timely cross-examination or a simple request for the information, if deemed important, else invited error could be effected by way of a "sleeper." Even it could be said that counsel for defense strategically might prefer that the witness' business *not* be noted. It might be that because of these possibilities the authorities generally take the position that the interdiction in the Act is not a condition precedent to admissibility of the witness' sworn testimony taken at a previous time,[4] where the same witness, by foreign residency, abjuring the jurisdiction

or otherwise cannot be made available without great difficulty or expense, or at all, and that the statute has nothing to do with admissibility. It would appear that another of our own statutes, 77–44–3, is controlling as to such admissibility, which provides for the admission of the type of testimony offered in this very case,[5] and the only requirement as to certification is that the testimony given, accurately is reported. We believe and hold that 77–15–4, has to do with procedural aspects of a criminal case, designed to give not only the prosecution, but the defense, information for purposes of preparing for trial, but not as a condition precedent to *admissibility* of evidence certified to have been accurately reported. (Italics ours). Mr. Robert M. McRae, having been appointed by the Court to perfect this appeal, is to be commended for his able presentation without compensation.

McDONOUGH, CALLISTER, CROCKETT and WADE, JJ., concur.

4. McCormick, Evidence (1954), p. 481; People v. O'Shaughnessy, 135 Cal.App. 104, 26 P.2d 847 (1933) and as pointed out in the State's brief here, cases have said authentication requirements in preliminary examination statutes relating to depositions are not conditions precedent to the receipt of the testimony, citing State v. Maynard, 184 N.C. 653, 113 S.E. 682 (1922); Serna v. State, 110 Tex.Cr. R. 220, 7 S.W.2d 543 (1928).

5. See State v. Vigil, 123 Utah 495, 260 P.2d 539 (1953) and cases therein cited.