[No. 41663.    En Banc.    August 19, 1971.]

WALTER J. KAIN, *Appellant*, v. EUGENE A. LOGAN *et al.*, *Respondents.*

*Neil Hoff,* for appellant.

*Davies, Pearson, Anderson & Gadbow,* by. *Wayne J. Davies,* for respondent.

HALE, J.—Plaintiff, involved in an automobile accident, called his psychiatrist as a witness to his injuries. The trial court sustained as hearsay objections to statements made

before the accident by plaintiff's wife to the psychiatrist, a ruling which presents the major question on appeal.

The accident occurred November 17, 1964, when plaintiff, driving north on Pacific Avenue in Tacoma, had to stop his car because of another accident. His car was struck from the rear by defendants' truck. As a result of the accident, plaintiff experienced pain, stiffness and discomfort in the neck, and muscle spasms and aggravation of a preexisting arthritic condition. He was given physiotherapy treatments and wore a neck brace prescribed by an orthopedic surgeon. The jury returned a verdict of $2,000, and plaintiff appeals the judgment entered thereon, assigning error to the exclusion as hearsay of his former wife's statements made to the psychiatrist during their marriage and prior to the accident.

Dr. Gordon Parrott, a specialist in psychiatry, testified that plaintiff first consulted him in May, 1962, some 30 months before the accident. The psychiatric examination revealed that plaintiff's marital difficulties were producing symptoms of anxiety; that plaintiff was unable to function on his job because he was "preoccupied with the breaking down of his marriage," and that he was unable "to form a good relationship with his older boy." These symptoms persisted, he noted, and later, showing a growing confidence in his doctor, the patient disclosed symptoms of daydreaming more extensive than would be acceptable as within range of normalcy. The doctor at this point, describing his observations, treatment, examinations and conclusions as to plaintiff prior to the accident, during 1962 and 1963, testified:

> I had contact with his wife, and she described him sitting at home for hours in a chair daydreaming as we call it. There's nothing wrong with daydreaming but he would sit and in this sort of daydream state, let's say and the boys could be raising a ruckus, she would ask him to quiet them down and he would be completely oblivious of her statement.

Obviously expecting that the doctor intended to elaborate and go into detail as to what plaintiff's wife had told

him, the court sustained an objection as hearsay to further revelation of the wife's statements.

Between plaintiff's initial visit to Dr. Parrott in May of 1962 and October of 1963, the doctor had concluded before the accident, as a consequence of several psychiatric examinations and observations, that plaintiff had developed "almost a psychic detachment from what was going on around him." By October, 1963, the doctor had reached a conclusion that plaintiff had become what is described as a "borderline schizophrenic" who could "fall off into a psychotic reaction" and "if the inner or the external tensions become more than he can bear" the patient, such as plaintiff, "tends to drop off into a schizophrenic world." Dr. Parrott said that, in February of 1964, plaintiff was "going through the divorce action" which, while relieving him of some tensions, did no more than "replace the one set of stresses by another set of stresses." Dr. Parrott testified at length concerning plaintiff's emotional and mental condition as it existed prior to the accident and how these conditions, in his opinion, had become aggravated and more severe after it.

We find no basis for admitting this testimony under any of the exceptions to the rules against hearsay. Extrajudicial statements made by the patient's wife to a treating psychiatrist at a time long before the events out of which the action arose are hearsay evidence. Accordingly, statements made by the wife to the doctor in this case prior to the accident, and not in any way characterizing the accident or its consequences, or growing out of it so as to be admissible as a part of the res gestae, must be regarded as hearsay.

■ These remarks of the former wife do not fall within the recognized exception to the hearsay rule which admits as a part of the case history the statements made by patient to doctor. Generally, although the courts permit the treating physician to relate what the patient has told him in giving the patient's medical history, that exception to the rule against hearsay does not extend to extrajudicial statements made by persons other than the patient, and the plaintiff's former wife was not the doctor's patient.

The excluded evidence could not be said to be merely preliminary or introductory and offered under a promise to connect it to other material and competent evidence to be presented later. Nor was it supported by a sufficient offer of proof from which the court could ascertain that it would be admissible under other recognized exceptions to the rules against hearsay, for no sufficiently specific offer of proof was made from which the court could ascertain if the evidence came within any of the exceptions. *Cameron v. Boone,* 62 Wn.2d 420, 383 P.2d 277 (1963). And it does not, of course, come within that widely applied exception to the rule against hearsay which allows commingled hearsay and opinion in the testimony of expert appraisers of real estate when stating their conclusions as to the value of land in eminent domain cases. *State v. Wineberg,* 74 Wn.2d 372, 444 P.2d 787 (1968).

As earlier observed, one of the well-established exceptions to the rule against hearsay allows a physician, in describing the basis for his medical opinion, to summarize and relate the patient's case history as told to him by the patient. *Petersen v. Department of Labor & Indus.,* 36 Wn.2d 266, 217 P.2d 607 (1950). Such testimony may be included as a part of factual material upon which the medical expert's opinion claims to rest and though hearsay is allowed, it remains subject to most of the safeguards of nonhearsay evidence. Stated another way, the treating physician may testify as to what his patient told him about his history, condition and injuries, because the dangers of falsity and inaccuracy may be alleviated in the cross-examination of the doctor, or in the calling of the plaintiff himself as an adverse witness, or possibly by independent medical examination at the instance of the cross-examining party.

■ Although a medical expert can properly express his opinion founded upon his personal knowledge or personal observations or upon testimony given by others which he has read or heard, he may not state an opinion based upon the statements of others made outside the courtroom. 2 Jones on Evidence § 421 (1958). Since an opinion based

exclusively on out-of-court hearsay information is inadmissible, the statements of third persons made to the physician outside the courtroom are inadmissible as hearsay, too, for generally a physician is not allowed to state his expert opinion if it is based upon the extrajudicial statements of third persons. 31 Am. Jur. 2d *Expert and Opinion Evidence* § 110 (1967). *See Testimony of physician based on information from third persons regarding physical condition or symptoms of person in question*, Annot., 175 A.L.R. 274, 281 (1948).

Plaintiff's psychiatrist, the record shows, testified comprehensively as to his examinations, observations, findings and conclusions covering the plaintiff's symptoms and condition for an extensive period prior to and after the accident. In sustaining objections to the direct statements made by plaintiff's former wife to his psychiatrist at a time long before the accident, the court, in our opinion, acted within its discretionary powers to rule out hearsay evidence. The challenged evidence thus comes within the interdiction of hearsay testimony and was not admissible under established principles of exceptions to the rule.

Plaintiff assigns error to defense counsel's remarks made to the jury in final summation. This claim of error, we find, however, is not reviewable as neither the statement of facts nor the transcript preserves it. The record does not set forth the challenged remarks, nor whether an objection to them was made or a curative instruction or admonition requested. Errors not preserved in the record cannot be reviewed on appeal. *State v. Holbrook,* 66 Wn.2d 278, 401 P.2d 971 (1965). Remarks of counsel in argument claimed to be so prejudicial as to warrant a reversal to be the basis of reversible error must be brought to the trial court's attention and a curative admonition or instruction requested.

Affirmed.

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, NEILL, STAFFORD, and WRIGHT, JJ., and RYAN, J. Pro Tem., concur.

Petition for rehearing denied October 13, 1971.