510 P.2d 929

STATE of Utah, Plaintiff and Respondent,

v.

Edward ONISKOR, Defendant and Appellant.

No. 12696.

Supreme Court of Utah.

May 31, 1973.

L. G. Bingham and Lynn R. Brown, Weber County Legal Aid Services, Ogden, for defendant and appellant.

Vernon B. Romney, Atty. Gen., David S. Young and Kent S. Lewis, Asst. Attys. Gen., Salt Lake City, for plaintiff and respondent.

CALLISTER, Chief Justice.

Defendant appeals from his conviction by a jury of the crimes of murder in the first degree, rape, and robbery. He was sentenced to a term of life imprisonment in the Utah State Prison.

In the early morning hours of New Year's Day, 1971, defendant committed these crimes against a 55-year-old woman, named Lucille Perrin. Among the items which defendant took from the victim were a unique ring and wrist watch and two keys to the premises where she resided in Ogden, Utah. A few days later, defendant was observed by a friend of the victim in possession of the ring. Subsequently, defendant was arrested with the ring and keys on his person and confessed to the commission of the crimes. At the trial, defendant testified extensively, including a complete admission of his perpetration of the crimes charged. His defense was predicated on a plea of not guilty by reason of insanity.

On appeal, defendant urges that the trial court erred by permitting the jury to hear the testimony from defendant's preliminary hearing by two witnesses, who were outside of the state at the time of trial. Defendant contends that it was a denial of his Sixth Amendment right of confrontation to read this testimony to the jury, until the State showed that its efforts to secure the attendance of these witnesses pursuant to Section 77–45–11 et seq.,[1] U.C. A.1953, had been unsuccessful.

The trial court ruled that under the laws of Utah, the testimony from the preliminary hearing could be used at trial. This ruling was in conformity with Section 77–1–8, U.C.A.1953, which provides for the admission of such testimony, if, at the preliminary hearing, the testimony was taken down by question and answer in the presence of the defendant, who had, either in person or by counsel, cross-examined or had an opportunity to cross-examine the witness, and the witness cannot with due diligence be found within the state. Furthermore, this court has held that the provisions for securing the attendance of a witness under Section 77–45–11, U.C.A.

1. Uniform Act to Secure the Attendance of Witnesses From Without a State in Criminal Proceedings.

1953, were permissive in nature and that a defendant, who has failed to invoke the act, may not urge that it was error on the part of the prosecution to fail to do so.[2]

The two absent witnesses were Charles Evans and Dr. Irvin H. Moncrief. The prosecution represented that Mr. Evans was employed as a security guard for a casino in Carson City, Nevada, and that Dr. Moncrief was employed in a criminal hospital in California. The testimony of Mr. Evans was to the effect that he had observed the victim's ring and wrist watch in the possession of the defendant in Elko, Nevada, on January 2, 1971. Dr. Moncrief's testimony was that he, in his capacity as a Weber County Health Officer, examined the victim's body at her apartment, the scene of the crime. He related that the observations that he had made of the victim and expressed the opinion that death was caused by external suffocation.

Defendant cites Barber v. Page,[3] as authority to sustain his argument that the ruling of the court deprived him of his constitutional right of confrontation. In the Barber case, the State urged that the introduction of the transcript was within the exception to the confrontation requirement on the ground that the witness was outside the jurisdiction and, therefore, unavailable at the time of trial, and the right of cross-examination was afforded to the defendant at the preliminary hearing.

The court responded that it started with the fact that the State made absolutely no effort to obtain the presence of the witness other than to ascertain that he was outside of the jurisdiction. The court acknowledged that heretofore the mere absence of a witness from the jurisdiction was sufficient ground for dispensing with confrontation on the theory that it was impossible to compel his attendance because the process of the court was of no force without the jurisdiction. The court stated that whatever may have been the accuracy of that theory at one time, it has presently lost its validity in the criminal law by the increased cooperation between the states. The court specifically cited the Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings.

The court stated that a witness is not "unavailable" for purposes of the exception to the confrontation requirement, unless the prosecutional authorities have made a good-faith effort to obtain his presence at trial. The court concluded that the State had not attempted to secure the attendance of the witness and that the right of confrontation may not be dispensed with so lightly.

2.  State v. Leggroan, 15 Utah 2d 153, 389 P.2d 142 (1964).

3.  390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed. 2d 255 (1968).

The instant action bears a strong similarity to Berger v. California,[4] wherein a state investigator located the witness in Colorado, but the State failed to serve a subpoena on him. The court vacated the judgment and remanded the case to be reconsidered in light of Barber v. Page. The court observed that one of the important objectives of the right of confrontation was to guarantee that the fact finder had an adequate opportunity to assess the credibility of witnesses.

In the instant action, the State failed to sustain its burden that it had made a good-faith effort to secure the attendance of the witnesses and had been unsuccessful. The use of the depositions at the trial constituted a denial of defendant's constitutional right of confrontation. However, the testimony of these two absent witnesses was merely cumulative since others also testified to essentially the same facts. A survey of the record reveals that the other evidence against defendant was so overwhelming that this court is compelled to conclude beyond a reasonable doubt that the denial of defendant's rights constituted harmless error.[5]

■ Defendant further contends that the trial court erred in its ruling that an expert witness may render an opinion based upon hearsay evidence. Dr. Weston, the state medical examiner, testified that he had performed an autopsy on the victim. He initially concluded that the cause of death was bilateral bronchial pneumonia associated with chronic alcoholism, and he executed a death certificate reflecting this opinion. Subsequently, he was informed by an Ogden police officer that defendant had confessed that he had suffocated the victim with a pillow. Thereupon, the doctor issued a second death certificate, specifying as an additional cause of death, manual suffocation. In a hearing without the jury, the trial court ruled that the doctor could testify as to his opinion of the cause of death, which was based solely on the hearsay information received from the police. However, the trial court ruled the prosecution could not inquire about the substance of the conversation between the police and the doctor. The doctor then testified that based solely upon the information given to him by the police, he submitted the second death certificate. He further testified as to his opinion as to the cause of death, manual suffocation.

In State v. Hadley,[6] this court held that it was error to admit a physician's opinion testimony which was based upon information given to him by a third person outside

4. 393 U.S. 314, 89 S.Ct. 540, 21 L.Ed.2d 508 (1969).

5. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

6. 65 Utah 109, 116, 234 P. 940 (1925).

the courtroom. This court cited the following quotation from 2 Jones on Evidence, Section 376:

> So that while we have seen, the opinion of experts may in some cases be based upon personal knowledge gained from their ʼown observation or examination, they cannot give in evidence opinions based upon information gained from the statements of others outside the courtroom, since in such case the opinions would depend upon hearsay. Thus, when a medical witness is examined as an expert, his opinion is inadmissible if based upon the declaration of nurses or other physicians, made out of court, although, on grounds elsewhere discussed, the declarations of the patient may, under proper limitations, form a part of the basis of such opinions.[7]

The ruling in State v. Hadley is consistent with Rule 56(2), U.R.E., which provides that if a witness is testifying as an expert, his testimony in the form of opinions or inferences is limited to such opinions as the judge finds are based on facts or data perceived by or personally known or made known to the witness at the hearing.

The trial court erred in its ruling that this opinion evidence, based on hearsay, was admissible. This error and its ef-

fect must be evaluated in conformity with Section 77–42–1, U.C.A.1953, which requires this court to render judgment without regard to errors or defects which do not affect the substantial rights of the parties. To interfere with a jury verdict, the error must be such that it was reasonably probable that there would have been a result more favorable to the defendant in the absence of error.[8] An evaluation of this extensive record compels a conclusion that the asserted errors were insignificant and in no way resulted in prejudice to defendant's cause. The judgment of the trial court is affirmed.

HENRIOD and TUCKETT, JJ., concur.

CROCKETT, Justice (concurring specially).

I concur with the main opinion with one exception. I do not agree that it was error for the State not to extradite the out-of-state witnesses. I think it is important to say so because, if we improperly say it was error, cases may arise where it cannot be said that failure to obtain out-of-state witnesses was not prejudicial. The trial court was correct in its view of both the Utah statutory and decisional law, and in the procedure it followed as stated in the fourth paragraph of the main opinion. The case was properly tried on the basis of the

---

7. Also see 2 Jones on Evidence (5th Ed.), Sec. 421, p. 794; Kain v. Logan, 79 Wash.2d 524, 487 P.2d 1292 (1971).

8. State v. Kelbach, 23 Utah 2d 231, 238, 461 P.2d 297 (1969).

Utah law; and it should be adjudicated here on that same basis. The holding of the case of State v. Leggroan, footnote 2, main opinion, is sound: that where the witnesses testified at the preliminary hearing, with ample opportunity for cross-examination, and they were absent from the State at the time of the trial, the use of their testimony was justified and did not violate the right of confrontation. This is especially so when the defendant, represented by competent counsel, gave no indication of his desire to have the witnesses extradited to testify.

ELLETT, J., concurs in the opinion of CROCKETT, J.