**STATE of Utah, Plaintiff and Respondent,**

v.

**Joey M. WILLIAMS, Defendant and Appellant.**

**No. 17330.**

Supreme Court of Utah.

Nov. 9, 1982.

Walter F. Budgen, Jr., Salt Lake City, for defendant and appellant.

David L. Wilkinson, Robert Parrish, Salt Lake City, for plaintiff and respondent.

STEWART, Justice:

Defendant Williams appeals from a conviction of robbery on grounds of numerous alleged errors during trial.

On November 24, 1979, one Mike Weaver was arrested for shoplifting. Apprehensive about being returned to prison, Weaver volunteered to cooperate with authorities concerning a robbery planned for that evening. Weaver informed sheriff's deputies that the defendant had called him earlier in the day indicating an intention to commit an armed robbery that evening. Weaver then called defendant from the police station and discussed the plans for the robbery. The conversation was recorded, and the recording was subsequently admitted in evidence at trial. Defendant and Weaver proceeded to rob a service station that evening.

Defendant raises numerous procedural points on appeal. He first attacks the prosecutor's statement in the opening argument

that Weaver, who had been returned to prison in July of 1980 for violating his parole, had been coerced by inmates at the prison into signing a statement that defendant was not involved in the robbery. The prosecuting attorney also stated that the written statement was in the possession of defense counsel. The apparent purpose of the prosecutor's remarks was to blunt the effect of the defense's anticipated impeachment of Weaver. The defendant contends that the prosecutor should not have mentioned the document since he had no knowledge that it would be introduced into evidence, and, even if he had had such knowledge, it is not proper to present argument in the opening statement to rebut the expected impeachment of his own witness. Moreover, defendant contends that the State may not refer in an opening statement to evidence that is in the possession of the defense. The State rejoins that the evidence was actually produced by Weaver on direct examination by the prosecutor.

The purpose of an opening statement is to apprise the jury of what counsel intends to prove in his own case in chief by way of providing the jury an overview of, and general familiarity with, the facts the party intends to prove. *State v. Erwin,* 101 Utah 365, 120 P.2d 285 (1941). It is generally accepted that an opening statement should not be argumentative. It is not proper to engage in anticipatory rebuttal or to argue credibility by referring to impeachment evidence the other side may adduce. *Woodmansee v. Stonebaum,* 133 Vt. 367, 344 A.2d 26 (1975).

Whether an improper statement on opening argument constitutes reversible error depends on whether the prosecutor was guilty of bad faith and the prejudicial effect of the statement on defendant's case. *Id.* As stated in *Gladden v. Frazier,* 388 F.2d 777, 779 (9th Cir.1968):

The controlling question should be the good faith or lack of good faith of counsel in saying what he said in his opening statement and the likelihood that the opening statement was unfairly prejudicial to the defendant.

Weaver testified that while in prison heavy pressure—even physical coercion—was applied to him by other inmates to sign a statement that defendant was not involved in the crime. Weaver had been presented on separate occasions with a handwritten statement by defendant and also a typewritten statement by an investigator employed by defense counsel for Weaver to sign. Both statements were to the effect that Weaver alone had committed the robbery and that defendant had only been a hitchhiker picked up just prior to the commission of the crime. The investigator's handwritten statement was signed by Weaver, but the record does not conclusively indicate whether the typewritten statement was ever signed by him. Weaver testified that the typed statement was repossessed by the investigator for the public defender's office and that the handwritten statement was still in his cell. Without indicating whether his reference was to the typewritten or handwritten statement, the prosecutor, in his opening statement, apprised the jury that Weaver had been coerced into signing a statement exculpating Williams and that the statement was in the custody of defense counsel. Defendant neither introduced the statements into evidence nor relied on them to impeach Weaver's testimony.

The question then is whether prejudice resulted from the errors. In *State v. Hodges,* 30 Utah 2d 367, 369, 517 P.2d 1322, 1324 (1974), the Court, on somewhat different facts, stated:

The asking of the question . . . is certainly not to be commended; and we are made to wonder why the prosecuting attorney would ask it. Nevertheless, the processes of justice should not be distorted simply for the purpose of censuring a mistake. The critical inquiry should be whether there is a reasonable likelihood that the incident so prejudiced the jury that in its absence there might have been a different result.

Because of defendant's own testimony admitting that he committed the robbery, he clearly did not suffer prejudice as a result

of the prosecutor's error, and the trial court properly denied a motion for mistrial.

Defendant's next contention is that the trial court improperly denied defense counsel's motion to withdraw as counsel prior to trial so that he could testify as a witness in behalf of defendant. However, since defense counsel admitted at trial that he was not going to testify, there is no basis to the argument that the trial court erred in denying counsel's motion to withdraw.

Nor was there error in the trial court's refusal to require the prosecuting attorney to take the stand. A trial court has the authority to refuse to allow lawyers, including prosecuting attorneys, to be called as witnesses by the adverse party unless the result would be to prejudice the defendant's case. *Gajewski v. United States,* 321 F.2d 261 (8th Cir.1963); *Fisher v. United States,* 231 F.2d 99 (9th Cir.1956). "When a trial court refuses to allow a prosecutor to be called as a witness for the defense, the appellate issue is whether the trial court abused its discretion." *State v. Hogervorst,* 90 N.M. 580, 587, 566 P.2d 828, 835 (1977). The evidence sought from the prosecutor in the instant case could have been obtained from numerous alternative sources, and the trial court's ruling was not error.

Defendant also contends that the prosecutor improperly cross-examined a defense witness about details of a prior felony conviction. The defense called James Miller, a prisoner at the Utah State Penitentiary, to establish that Weaver had reason to fear members of the prison population and that Weaver was generally disliked at the prison. On cross-examination the prosecutor inquired into the nature and details of Miller's past criminal acts, and defendant's objection to that line of questioning was overruled.

Section 78–24–9, Utah Code Ann., 1953, provides:

A witness must answer questions legal and pertinent to the matter in issue, although his answer may establish a claim against himself but he need not give an answer which will have a tendency to subject him to punishment for a felony; nor need he give an answer which will have a direct tendency to degrade his character, unless it is to the very fact in issue or to a fact from which the fact in issue would be presumed. But a witness must answer as to the fact of his previous conviction of felony.

When impeaching a defendant, or any other witness, by conviction of a prior felony, it is permissible to inquire only into the fact and nature of the prior conviction, but not, except in unusual circumstances, the surrounding details or circumstances. *State v. Kazda,* 14 Utah 2d 266, 382 P.2d 407 (1963). Cross-examination of Miller as to the details of a prior criminal act was thus clearly improper. However, the error had no prejudicial effect on the outcome of the case. Defendant's guilt was shown by overwhelming, untainted evidence, and there is no likelihood that there would have been a different result in absence of the error. Under these conditions, this Court will not reverse a conviction. *State v. Eaton,* Utah, 569 P.2d 1114 (1977); *State v. Oniskor,* 29 Utah 2d 395, 510 P.2d 929 (1973), *cert. denied,* 414 U.S. 861, 94 S.Ct. 78, 38 L.Ed.2d 112 (1973); *State v. Scandrett,* 24 Utah 2d 202, 468 P.2d 639 (1970).

Defendant also asserts error in the prosecutor's closing argument in which he referred to injuries which the victim could have suffered. The prosecutor invited the jurors to consider what might have happened had the victim of the robbery, the attendant at the gas station, been injured:

[A]sk yourself whether or not this was sufficient to justify an aggrevated robbery or a simple robbery, or for that matter a crime of any kind. Ask yourselves what you would have done under that set of circumstances. Bear in mind also what the impact would have been had (the victim) been injured . . .

The crime charged in the instant case was aggravated robbery. There was evidence at trial that appellant had possession of a knife seconds before the robbery and that the existence of a gun was simulated to

accomplish the robbery. Yet, the jury found defendant guilty of simple, rather than aggravated robbery as charged. On closing argument, broad latitude is accorded counsel in arguing his theory to the jury. The argument made by the prosecutor was not improper.

Defendant also claims error in the prosecutor's closing argument concerning State's witness Mike Weaver. Defense counsel argued that Weaver had a motive to lie in order to be released early from prison. The prosecuting attorney rebutted that argument by stating that Weaver had an additional two-year sentence to serve. However, less than a month later, Weaver was granted parole after the same prosecutor personally appeared before the Board of Pardons and urged his early release. At the hearing before the Board, the prosecutor asserted that Weaver's conduct during trial had been so exemplary that he had decided to use his efforts to get Weaver out of prison.

Of course the State in a criminal case is duty-bound by law and professional ethics to treat a defendant fairly. A prosecutor may not suppress evidence favorable to defendant to obtain a conviction. *State v. Jarrell,* Utah, 608 P.2d 218 (1980); *State v. Adams,* Utah, 583 P.2d 89 (1978); *U.S. v. Bryant,* 142 U.S.App.D.C. 132, 439 F.2d 642 (1972). Nor may he assert arguments he knows to be inaccurate. *Walker v. State,* Utah, 624 P.2d 687 (1981). However, in the instant case, the record fails to show that the prosecutor, at the time of his closing argument, intended to appear before the Board of Pardons and speak in Weaver's behalf. Without any evidence to suggest the contrary, we must presume the good faith of the prosecutor in not having made any pre-trial promises to Weaver to assist him in obtaining parole.

Affirmed.

OAKS, HOWE and DURHAM, JJ., concur.

HALL, C.J., concurs in the result.