## PEOPLE *v.* IVY.

1. CRIMINAL LAW—APPEAL AND ERROR—INSTRUCTIONS TO JURY.
   The failure of the court to instruct on any point of law in a
   criminal prosecution is not a ground for setting aside the
   verdict of the jury unless such instruction is requested by
   the accused (CL 1948, § 768.29; GCR 1963, 516).

2. SAME—INSTRUCTIONS TO JURY—LESSER INCLUDED OFFENSE.
   The trial judge may, *sua sponte,* instruct the jury on a lesser in-
   cluded offense in a criminal charge where no request to charge
   on the lesser offense has been made but evidence exists to sup-
   port a conviction for the lesser offense, but it may not be
   error to fail so to instruct in the absence of a request to do so.

3. SAME—WITNESSES—INFORMATION—INDORSEMENT BY PROSECUTOR.
   Indorsement of the name of a witness on the information in a
   criminal case imposes a duty on the prosecutor to produce
   that witness at the trial, and the defendant is entitled to
   rely on the prosecutor's duty.

4. SAME—INFORMATION—INDORSEMENT BY PROSECUTOR—WITNESSES
   —PRODUCTION EXCUSED.
   A prosecutor may be excused from producing a witness that he
   has indorsed on a criminal information if he shows due dil-
   igence in attempting to produce that witness.

5. SAME—WITNESSES—INDORSEMENT BY PROSECUTOR—DILIGENCE IN
   PROCURING APPEARANCE.
   A witness whose name was indorsed on an information by the
   prosecutor, but is no longer subject to the process of courts
   of this State, need not be produced if he refuses to attend
   voluntarily.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 511.
[2] 53 Am Jur, Trial § 796.
[3–6] 21 Am Jur 2d, Criminal Law § 328.
[7, 8] 5 Am Jur 2d, Appeal and Error § 737.

6. SAME—WITNESSES—INDORSEMENT BY PROSECUTOR—DILIGENCE IN
PROCURING APPEARANCE—QUESTION FOR JURY.

Submission by the court to the jury of the question whether the
people had made a sufficient showing of due diligence in pro-
curing the appearance of a witness indorsed on the information
by prosecutor, who had returned to his home State, and in-
struction by the court that if the jury found lack of due
diligence they could consider that the witness would be adverse
to the people *held*, permissible procedure.

7. SAME—EVIDENCE—OBJECTION.

Testimony by arresting police officer that when he arrived at
place where defendant, convicted of assault with intent to rob
being armed, had been captured, one of the persons who had
captured him said that defendant had either held up or
raped a woman *held*, not reversible error, where defendant
raised no objection to testimony when it was given (CL 1948,
§ 750.89).

8. APPEAL AND ERROR—OBJECTION—SAVING QUESTION FOR REVIEW.

Defendant in a criminal case who fails to raise a proper ob-
jection to alleged errors during trial may not raise them for
the first time on appeal, but the appellate court may exercise
its prerogative of searching for error which reflects clear in-
justice.

Appeal from Recorder's Court of Detroit, Sche-
manske (Frank G.), J. Submitted Division 1 March
4, 1968, at Detroit. (Docket No. 2,628.) Decided
May 27, 1968. Leave to appeal denied April 16, 1969.

George Ralph Ivy was convicted of assault with
intent to rob being armed. Defendant appeals.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief Ap-
pellate Lawyer, and *Thomas P. Smith,* Assistant
Prosecuting Attorney, for the people.

*Arthur J. Koscinski,* for defendant on appeal.

T. G. KAVANAGH, P. J.  Defendant was convicted by jury verdict of assault with intent to rob being armed.  CL 1948, § 750.89 (Stat Ann 1962 Rev § 28.284).  He appeals, raising 3 questions.

The first is whether the court below committed reversible error in failing to instruct the jury that one of the possible verdicts they could render was guilty of the lesser offense of felonious assault (CL 1948, § 750.82 [Stat Ann 1962 Rev § 28.277]), even though no such instruction was requested of the trial court.

The code of criminal procedure provides in pertinent part:

"The failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested by the accused."  CL 1948, § 768.29 (Stat Ann 1954 Rev § 28.1052)."

See, also, GCR 1963, 516.

In *People* v. *Stevens* (1968), 9 Mich App 531, 533, 534, we said:

"If evidence has been presented to support a conviction of the lesser offense, the requested instructions must be given; failure to do so would constitute error.  *People* v. *Jones* (1935), 273 Mich 430.  If, on the other hand, no evidence has been presented to support a conviction of the lesser offense, then the requested instruction should be refused.  *People* v. *Utter* (1921), 217 Mich 74; *People* v. *Hearn* (1958), 354 Mich 468.

"*Where no request to charge on the lesser offense has been made but evidence exists to support a conviction of the lesser offense, the trial judge may,* SUA SPONTE, instruct on the lesser offense.  *People* v. *Milhem* (1957), 350 Mich 497."  (Emphasis added.)

See, also, *People* v. *Jebb* (1966), 3 Mich App 118.

We hold that in the absence of a request the court did not err in failing to instruct on the offense of felonious assault.

Defendant next contends that there was error in the failure of the prosecutor to produce one of the witnesses whose name was indorsed on the information. By indorsing the name of a witness on the information the prosecutor becomes duty-bound to produce him at the trial, and the defendant is entitled to rely upon the prosecutor's duty. *People* v. *Lummis* (1932), 260 Mich 170. The prosecutor may nevertheless be excused from producing the witness if he shows due diligence in attempting to produce him. *People* v. *Kern* (1967), 6 Mich App 406. The people submitted testimony for the purpose of showing due diligence to the effect that attempts to locate the witness were discontinued when it was learned that he had returned to his home somewhere in New York. In *People* v. *Serra* (1942), 301 Mich 124, 129, 130, the Court said, with reference to the prosecutor's duty:

"One of the well-established exceptions is that a witness who is not subject to the process of our courts need not be produced if he refuses to attend voluntarily. It is not error for the court to refuse to compel the prosecution to call witnesses whose names are indorsed on the information who are not within the state and answerable to process of the court."

In the case at bar, upon learning that the witness had gone to New York the prosecutor did nothing further to locate him and to determine if he would appear at the trial voluntarily. The court submitted to the jury the question whether the people had made a sufficient showing of due diligence, and instructed them that if they should find that the

people had failed to make such a showing, they could consider that the witness, if called, would be adverse to the people. Such procedure was permissible. See *People* v. *Kern, supra,* and *People* v. *Serra, supra.* We find no reversible error in this regard.

Finally, defendant contends that prejudicial error was committed when the arresting police officer testified that when he arrived at the scene of defendant's capture, one of the persons who had effected the capture told him that defendant had either held up or raped a woman. No objection to this testimony was made by defendant at the trial. It is a settled rule that if a defendant fails to raise a proper objection to alleged errors during the trial, he may not raise them for the first time on appeal. *People* v. *Martin* (1965), 1 Mich App 265. In observing this general rule, this Court will exercise its prerogative of searching for error which reflects clear injustice. *People* v. *Paul F. Baker* (1967), 7 Mich App 471. However, we find no such grievous error in the case at bar.

Affirmed.

BURNS and FITZGERALD, JJ., concurred.