### PEOPLE v McCULLOUGH

1. DRUGS AND NARCOTICS—HEROIN—UNLAWFUL SALE—POSSESSION—
   USABLE AMOUNT—INSTRUCTIONS TO JURY.

   Refusal to give a requested instruction concerning the amount of
   heroin required to support a charge of illegal sale was not
   error; the usable amount test for illegal possession does not
   extend to cases involving the unlawful sale of drugs.

2. WITNESSES—CRIMINAL LAW—ABSENTEE WITNESSES—PROSECUTOR'S
   DUTY.

   It was not mandatory before March 1, 1974 that the prosecution
   apply to the court in another state under the Uniform Act to
   Secure Attendance of Witnesses from Without a State in Crimi-
   nal Proceedings for process to compel the return of an absentee
   res gestae witness (MCLA 767.91 *et seq.*).

3. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—DUE DILI-
   GENCE—STATUTES.

   A trial court's finding, at a time when it was not mandatory that
   the prosecution apply to the court in another state under the
   Uniform Act to Secure Attendance of Witnesses from Without
   a State in Criminal Proceedings for process to compel the
   return of an absentee res gestae witness, that a prosecutor
   exercised due diligence in his attempts to produce an absentee
   res gestae witness was not an abuse of discretion and there was
   no reversible error where no constitutional question of confron-
   tation was involved, the missing witness did not testify at the
   preliminary examination and no prior testimony or statements
   of that witness were offered or used in the prosecution (MCLA
   767.91 *et seq.*).

Appeal from Bay, Leon R. Dardas, J. Submitted
Division 3 December 7, 1973, at Lansing. (Docket
No. 14347.) Decided March 1, 1974.

REFERENCES FOR POINTS IN HEADNOTES
[1] 25 Am Jur 2d, Drugs, Narcotics and Poisons §§ 5, 16, 17, 21.
[2, 3] 58 Am Jur, Witnesses § 8 *et seq.*

Robert L. McCullough was convicted of the unlawful sale of heroin. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Eugene C. Penzien,* Prosecuting Attorney, for the people.

*Stuart M. Israel,* Assistant State Appellate Defender, for defendant.

Before: DANHOF, P. J., and BRONSON and O'HARA,* JJ.

BRONSON, J. Defendant, Robert L. McCullough, was charged with unlawful sale of heroin contrary to MCLA 335.152; MSA 18.1122.[1] He was convicted upon a verdict of a jury and after being sentenced to serve 4 to 20 years brought this timely appeal of right.

Defendant assigns as error the trial court's refusal to give an instruction concerning the amount of heroin required to support a conviction. The defendant requested an instruction in accordance with the rule in unlawful possession of narcotic drug prosecutions established by *People v Harrington.*[2] The *Harrington* Court said:

"It is our judgment that a reasonable compromise between the minority and majority views has been proposed in the article 'Drugs and the Criminal Law', 12 Crim Law Quarterly 254 (July, 1970). Arthur C. Whealy there suggests that the facts and circumstances in each case be viewed to determine if it can be reasonably inferred that the quantity of narcotic actually discovered is but a remnant of a larger, usuable

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] Repealed by 1971 PA 196, eff. April 1, 1972. For the current provisions, *see:* MCLA 335.341 *et seq.;* MSA 18.1070(41) *et seq.*

[2] 33 Mich App 548; 190 NW2d 343 (1971).

amount. If that inference can be made, illegal possession is established." *Harrington, supra,* at 550.

The defendant relies on the *Harrington* rule and his assertion that *People v Jones*[3] extended the rule to sale cases for his assignment of reversible error. The reliance is misplaced. This panel, in *People v Gaffney,* 51 Mich App 526; 215 NW2d 587 (1974), has carefully considered and rejected this argument.

Charges and cases involving sale of heroin are clearly distinguishable from those involving possession. The language in *Jones, supra,* provides the key to the distinction. In a sale case the *amount* of heroin may not always be of paramount importance. If an alleged seller were to agree to sell heroin and furnished a substance purporting to be heroin *which in fact contained heroin* it would not be argued that the evidence was insufficient to support a conviction merely because the seller cheated his customer by adulterating the goods. However, in a possession case a totally innocent person may have a trace of some contraband in his possession without realizing it. Refusal to give the requested instruction was not error.

In *People v Gaffney, supra,* this panel also considered the question of whether a prosecutor has to use the Uniform Act[4] to show adequate due diligence in producing a res gestae witness who is out of the state. In *Gaffney* we adopted a rule of prospective application only and consequently the rule in *Gaffney* is not applicable to this case.

At trial the prosecution moved to be excused from producing Walter Branch, an indorsed res

[3] 38 Mich App 512; 196 NW2d 817 (1972).

[4] Uniform Act to Secure Attendance of Witnesses from Without a State in Criminal Proceedings, MCLA 767.91 *et seq.;* MSA 28.1023(191), *et seq.*

gestae witness. The defendant objected and testimony was taken on the motion to determine the prosecutor's diligence. We first note that Walter Branch was also the missing witness in the *Gaffney* case, *supra.* The prosecution's attempts to produce him in *Gaffney* are noted and approved in that opinion. It is also important that there is no constitutional question of confrontation involved. Walter Branch did not testify at the preliminary examination and no prior testimony or statements of Branch were offered or used in the prosecution. After locating Branch the prosecutor made contact by phone in several unsuccessful attempts to get Branch to return voluntarily. He refused. He stated that he had recently married a Florida girl and she feared for his safety if he testified or appeared in the Bay City area.[5]

In the instant case we are persuaded that the testimony of Branch would have been cumulative and indeed prejudicial to the defendant.[6] The defendant has never made any contention to the contrary. The existence of Branch was never concealed and the defendant was free to seek his production under the Uniform Act but did not. Neither did the defendant move for a continuance on the basis of surprise.

Under the present law[7] the court's finding of due

---

[5] The "Uniform Act" provides in section 92 (MCLA 767.92(3)(b); MSA 28.1023(192)(3)(b) that: [The judge shall issue a summons if] "The attendance and testifying in the prosecution or investigation will not cause undue hardship to the witness".

[6] The Uniform Act also provides that the witness must be "material" and "necessary" to the prosecution before the judge compels his return. MCLA 767.92(3)(a); MSA 28.1023(192)(3)(a).

[7] The rule today is found in *People v Serra,* 301 Mich 124, 131; 3 NW2d 35, 38 (1942), and is stated by the Court as follows:

"The Michigan law does not make it mandatory that the prosecution apply to the court in another State for process to compel return of a witness to this State. The procedure is optional with either the prosecution or the defense. In the case at bar, the defendants had full

diligence upon the part of the prosecutor was not an abuse of discretion. We find no reversible error on this question.

Defendant also asserts that the prosecutor improperly portrayed the defendant as a violent man. The defendant failed to object; thus, as in *Jones, supra,* the question has not been preserved.

We have reviewed defendant's remaining allegations and find neither prejudicial error nor questions requiring further discussion.

Affirmed.

All concurred.

---

knowledge, and equal opportunity. The showing of diligence was sufficient to excuse the people from the requirement to produce Briggs as a witness. The prosecutor is not required to resort to the procedure referred to in this statute."