PEOPLE v FREELAND

Docket No. 43932. Submitted June 2, 1980, at Lansing.—Decided
    November 19, 1980.
    Defendant, Harold E. Freeland, and his wife were charged with
    larceny in a building in the Jackson Circuit Court. Defendant's
    wife was convicted on a plea of guilty. Defendant was tried and
    convicted of the charge and, on a plea of guilty, of being a
    habitual criminal, James A. Fleming, J. Defendant appeals.
    *Held:*

    1. The trial court did not err in refusing to give the jury
    instruction that, if the evidence is open to two reasonable
    constructions, one indicating guilt and the other innocence,
    they must accept the construction indicating innocence. That
    instruction is only applicable where the circumstantial evi-
    dence against the defendant is weak.

    2. The trial court did not err in allowing the impeachment of
    defendant's wife's testimony that defendant was innocent by
    evidence of her silence upon arrest, after being informed of her
    *Miranda* rights.

    3. The court erred in finding that the prosecutor exercised
    due diligence in attempting to secure the presence at trial of an
    out-of-state res gestae witness.

    If, within 30 days, the prosecutor fails to prove that defen-
    dant was not prejudiced by the failure to produce the witness,
    defendant's conviction shall be deemed vacated. The Court of
    Appeals retained jurisdiction to review any hearing record
    upon application by either party.

    G. R. CORSIGLIA, J., concurred in the holding but noted that,

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial § 851.
[2] 81 Am Jur 2d, Witnesses § 539.
[3] 81 Am Jur 2d, Witnesses § 8.
    Uniform Act to secure attendance of witnesses from without a state
    in criminal proceedings. 44 ALR2d 732.
[4] 58 Am Jur 2d, New Trial § 40.
    81 Am Jur 2d, Witnesses § 2.
[5] 63 Am Jur 2d, Prosecuting Attorneys §§ 25, 26.
[6] 81 Am Jur 2d, Witnesses § 596.

while mere silence in the face of an accusation after a suspect has been given *Miranda* warnings is of very limited relevance in impeaching his later testimony, in this case, the conduct of defendant's wife made her silence relevant for impeachment purposes.

## Opinion of the Court

1. Criminal Law — Evidence — Circumstantial Evidence — Jury Instructions.

   The jury instruction that, if the evidence is open to two reasonable constructions, one indicating guilt and the other innocence, the jury is duty bound to accept the construction indicating innocence is applicable only where the circumstantial evidence against the defendant is weak.

2. Witnesses — Impeachment — Silence.

   The credibility of a witness who is not a defendant may be impeached by showing that he failed to speak or act when it would have been natural to do so if the facts were in accordance with his testimony.

3. Witnesses — Criminal Law — Res Gestae Witnesses — Due Diligence.

   The prosecution has the duty to indorse and produce at trial all res gestae witnesses or to prove the exercise of due diligence in an unsuccessful attempt to produce them; it is the obligation of the prosecution, when an indorsed res gestae witness is outside the state and the prosecution knows what court of record, if any, in the involved state has jurisdiction to compel attendance, to present to a judge of that court process comporting in form and substance with the requirements of the Uniform Act to Secure Attendance of Witnesses from Without a State in Criminal Proceedings; failure to do so precludes a finding that the prosecution acted with due diligence in attempting to produce the witness (MCL 767.91 *et seq.;* MSA 28.1023[191] *et seq.).*

4. Witnesses — Criminal Law — Res Gestae Witnesses — Due Diligence — New Trial.

   A new trial is not automatically warranted simply because the prosecution has failed to exercise due diligence in the production of a missing res gestae witness; the key issue in determining the proper remedy for the defendant where the prosecution has failed to fulfill its responsibilities is whether the defendant is prejudiced.

5. CRIMINAL LAW — PROSECUTING ATTORNEYS — DISCRETION.
   A prosecuting attorney has the discretion to choose under which
   statute a prosecution will be instituted where more than one
   statute is applicable to the case.

CONCURRENCE BY G. R. CORSIGLIA, J.

6. WITNESSES — IMPEACHMENT — SILENCE.
   *Mere silence in the face of an accusation after a suspect has been
   given* Miranda *warnings is of very limited relevance in im-
   peaching his later testimony.*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Edward J. Grant,*
Prosecuting Attorney, and *John L. Wildeboer,*
Chief Appellate Attorney, for the people.

*Janet Tooley,* Assistant State Appellate De-
fender, for defendant on appeal.

Before: DANHOF, C.J., and M. J. KELLY and G. R.
CORSIGLIA,* JJ.

DANHOF, C.J. Defendant, Harold Freeland, and
his wife, Pamela Jane Freeland, were charged
with larceny in a building, contrary to MCL
750.360; MSA 28.592, as a result of their alleged
theft of a tent from a K-Mart store. Defendant's
wife pled guilty and was sentenced to two years
probation. Defendant was convicted by a jury of
the charged offense and also pled guilty as a third
felony offender under the habitual offender stat-
ute, MCL 769.11; MSA 28.1083. He was sentenced
to a prison term of from five to eight years and
appeals as of right.

Defendant first claims the evidence was insuffi-
cient to support his conviction. The record reveals
that defendant and his wife entered the store on
August 5, 1977, bringing along a toy wagon con-
taining a sleeping bag and their infant son. Their

---

* Circuit judge, sitting on the Court of Appeals by assignment.

activities in the store were observed by security personnel. They entered the sporting goods department, where defendant picked up a box containing a folded tent and left that department with defendant's wife carrying the tent while he pulled the wagon. Next, they entered the record department and were out of sight of the observing employees. When they emerged, the tent had disappeared and the sleeping bag in the wagon had been rearranged. The family left the store and were stopped by security personnel in the parking lot. The tent was discovered concealed under the sleeping bag in the wagon.

In reviewing a claim of insufficient evidence, the evidence is viewed in a light most favorable to the prosecution. In proceedings below, the prosecutor was required to introduce some competent direct or circumstantial evidence as to each element of the crime charged so as to support the jury's finding of guilt beyond a reasonable doubt. *People v Gibson,* 94 Mich App 172; 288 NW2d 366 (1979). The defense theory in the present case was that defendant's wife concealed the tent under the sleeping bag without his knowledge. We believe the jury could easily find otherwise based on the evidence presented. See *People v David Thomas,* 407 Mich 936; 285 NW2d 658 (1979). The evidence was sufficient to support defendant's conviction.

Next, defendant argues that the trial court erred in refusing to give Michigan Criminal Jury Instruction 3:1:10(7) which states:

"If the evidence is open to two reasonable constructions, one indicating guilt and the other innocence, it is your duty to accept the construction indicating innocence."

We disagree. The case against defendant was

based on circumstantial evidence, since there were no witnesses to the actual concealment of the tent in the wagon, and proper jury instructions on the use of such evidence were given. The disputed instruction was properly omitted because the construction of the evidence favoring defendant's theory of innocence was not reasonable in comparison with the construction favoring guilt. It strains logic to believe that defendant's wife could have concealed the tent without his knowledge under the circumstances. General use of this instruction in cases involving circumstantial evidence would make it extremely difficult to obtain convictions. See, *People v Edgar,* 75 Mich App 467; 255 NW2d 648 (1977). We believe its use is properly confined to cases where, unlike the present case, the circumstantial evidence against a defendant is weak.

The third issue raised by defendant concerns the prosecution's use of evidence of his wife's silence to impeach her testimony that she acted without defendant's knowledge. During cross-examination, the prosecutor questioned Mrs. Freeland about her failure to inform the police that her husband was innocent. Police Officer Melvin Hartman, called in rebuttal by the prosecutor, testified that on August 19, 1978, he read Mrs. Freeland her *Miranda* rights[1] and asked to interview her whereupon she replied that she had nothing to say. In closing argument, the prosecutor argued that Mrs. Freeland's silence prior to trial cast doubt upon her testimony that her husband was innocent.

Defendant claims that the evidence of Mrs. Freeland's silence was irrelevant and improperly admitted. Silence of an accused at the time of arrest is the exercise of a constitutional right and cannot

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966).

be used as evidence against the accused. *People v Bobo,* 390 Mich 355; 212 NW2d 190 (1973). In *Bobo,* the Supreme Court stated that nonutterances are not statements and that a witness's failure to make a statement could be shown only to contradict the witness's assertion that he did make a statement. However, the Court was addressing a situation where the witness was the defendant and the use of his silence for impeachment restricted the exercise of his constitutional right to remain silent in the face of accusation. The present case differs because the use of Mrs. Freeland's silence to impeach her testimony that she acted alone in no way restricted her right to remain silent. She had already pled guilty to larceny in a building at the time of trial and the evidence of her silence had no bearing on her own guilt.

The credibility of a witness may be attacked by showing that he failed to speak or act when it would have been natural to do so if the facts were in accordance with his testimony. *People v Mc-Clow,* 40 Mich App 185; 198 NW2d 707 (1972). In *McClow,* the defendant argued that the trial judge erred in allowing the prosecution to cross-examine an alibi witness on his failure to come forward with the alibi prior to trial and emphasize such failure during closing argument as bearing on the witness's credibility. This Court disagreed. We find *McClow* persuasive and hold that use of Mrs. Freeland's silence to impeach her credibility was not improper.

Defendant next raises a number of issues relating to failure of the prosecution to produce indorsed res gestae witness Timothy Rosencrants at trial. K-Mart's security manager Dan Ady testified that he and Rosencrants observed the Freelands'

activities in the store and that Rosencrants went out on the floor of the store when the suspects were lost from view in the record department. Ady's testimony also indicated that Rosencrants assisted in apprehending the suspects and marking the evidence. On the first day of trial, following Ady's testimony, the jury was excused and the prosecutor stated that Rosencrants, who was indorsed on the information as a res gestae witness, would not be produced. Defense counsel requested a showing of due diligence and the prosecutor called Detective James Muma of the Jackson Police Department. Muma stated that on April 13, 1978, he learned that Rosencrants had moved from his known address and then detailed his unsuccessful efforts to locate this witness. Muma claimed that two days before the trial he learned that Rosencrants was living in Tampa, Florida. He stated that on the morning of the first day of trial, he obtained the witness's telephone number and turned it over to the prosecutor. The prosecutor himself then took the stand and stated that he had spoken to the witness on the telephone that day and requested his presence whereupon Rosencrants replied that he would not voluntarily attend the trial. The court found that the prosecution had exericsed due diligence in attempting to produce the witness, but, at defense counsel's request, agreed to submit the question to the jury. The jury was recalled and Muma and the prosecutor again testified regarding their efforts to locate and produce the witness.

The prosecution has the duty to indorse all res gestae witnesses on the information and produce them at trial. MCL 767.40; MSA 28.980, *People v Harrison,* 44 Mich App 578; 205 NW2d 900 (1973). If the prosecution is unable to produce an indorsed

res gestae witness at trial, it is excused from the requirement if it exercised due diligence in attempting to produce the witness. See, *People v Willie Pearson,* 404 Mich 698; 273 NW2d 856 (1979). In the present case, defendant argues that the finding of due diligence was precluded by the prosecutor's failure to utilize the statutory procedures for securing the presence of out-of-state witnesses, MCL 767.91 *et seq.;* MSA 28.1023(191) *et seq.*[2] In *People v Serra,* 301 Mich 124, 131; 3 NW2d 35 (1942), the Supreme Court rejected an identical claim, stating:

"The Michigan law does not make it mandatory that the prosecution apply to the court in another State for process to compel return of a witness to this State. The procedure is optional with either the prosecution or the defense. In the case at bar, the defendants had full knowledge, and equal opportunity. The showing of diligence was sufficient to excuse the people from the requirement to produce Briggs as a witness. The prosecutor is not required to resort to the procedure referred to in this statute."

Standing in defendant's favor is a line of decisions of this Court beginning with *People v Nieto,* 33 Mich App 535; 190 NW2d 579 (1971), which states that *Serra* is no longer valid due to the increased cooperation between the states in the area of

[2] MCL 767.93(1); MSA 28.1023(193)(1) states:

"If a person in a state, which by law provides for commanding persons within its borders to attend and testify in criminal prosecutions, or grand jury investigations commenced or about to commence, in this state, is a material witness in a prosecution pending in a court of record in this state, or in a grand jury investigation which has commenced or is about to commence, a judge of the court may issue a certificate under the seal of the court stating these facts and specifying the number of days the witness will be required. The certificate may include a recommendation that the witness be taken into immediate custody and delivered to an officer of this state to assure his attendance in this state. This certificate shall be presented to a judge of a court of record in the county in which the witness is found."

production of out-of-state witnesses in criminal proceedings. However, we acknowledge that the portion of the *Serra* rationale quoted above remains viable.

In *People v Gaffney,* 51 Mich App 526, 531; 215 NW2d 587 (1974), *lv den* 392 Mich 806 (1974), the Court again addressed the instant question and prefaced its holding with the statement that it was devoid of rulemaking power to deal with the problem and by indicating that the decision would only bind trial courts until the Supreme Court overruled it or another Court of Appeals panel took a contrary position on the issue. The Court then stated:

"We here hold that where an indorsed res gestae witness is without this state and the prosecution knows what court of record, if any, in the involved state has jurisdiction to compel attendance, it is the obligation of the prosecution to present to a judge of that court process comporting in form and in substance with the requirements of the uniform statute.

"If the information as to the location of the witness comes to the prosecution too late to institute proceedings and obtain a judicial determination before the time set for trial it is the further burden of the prosecution to move for an adjournment on this ground, which should be granted by the trial judge of right.

"All of the foregoing is, of course, subject to the right of the defendant to waive on the record the necessity of the production or attempt to produce the witness. In that event the trial will go forward as scheduled and error may not be assigned for lack of due diligence. We hold the foregoing requirements to be effective as of the date of the release of this opinion."

*Serra* was distinguished on the grounds that it was decided at a time when fewer states had enacted a uniform statute dealing with the procurement of

witnesses and that the constitutionality of the uniform statute was being challenged in several states when that case was decided. Other cases in accord with *Gaffney* include *People v Harrison,* 44 Mich App 578; 205 NW2d 900 (1973), *People v Kimble (After Remand),* 64 Mich App 484; 236 NW2d 109 (1975), and *People v Biondo,* 89 Mich App 96; 279 NW2d 330 (1979).

In the present case, the location of the missing witness was determined only two days before the trial and contact with the witness was made on the first day of trial. We follow *Gaffney* and hold that the finding of due diligence was erroneous. The prosecution was required to move for an adjournment and attempt to secure the attendance of the witness through the statutory procedure. However, the error does not automatically entitle defendant to a new trial. In *Willie Pearson, supra,* the Supreme Court held that in a case where the lower court's finding that the prosecution exercised due diligence in attempting to produce a res gestae witness is overturned on appeal, the defendant's right to a new trial should be conditioned upon the prosecutor's right to establish a lack of prejudice. Defendant argues that the prosecution should not be allowed to demonstrate lack of prejudice because of misconduct committed in the proceedings below. Based on the lack of any objection below and the absence of manifest injustice, we find that the misconduct issues were not properly preserved for appeal. *People v Stinson,* 88 Mich App 672; 278 NW2d 715 (1979). For the same reason, we find that the issue regarding the propriety of the trial court's res gestae instruction is not properly before this Court.

Defendant's final argument is that the prosecution abused its discretion in charging him with the

felony of larceny in a building instead of the misdemeanor of simple larceny under $100, MCL 750.356; MSA 28.588. This Court is split on the issue. Compare, *People v Carmichael,* 86 Mich App 418; 272 NW2d 667 (1978), *lv den* 406 Mich 949 (1979), with *People v Evans,* 94 Mich App 4; 287 NW2d 608 (1979). We follow the majority in *Evans* and hold that both statutes were applicable and the prosecution had the discretion to choose between them in charging defendant. There was no abuse of discretion.

Based on the error on the res gestae issue and *Willie Pearson, supra,* we hold that the prosecutor has 30 days from the release date of this opinion to seek a hearing to determine whether defendant suffered prejudice as a result of its failure to produce the missing res gestae witness. This Court retains jurisdiction to review the hearing record upon application of either party within 30 days of the entry of the judge's order. If the prosecutor fails to seek a post-remand hearing within 30 days, defendant's conviction shall be deemed vacated and the prosecutor may commence a new trial.

M. J. KELLY, J., concurred.

G. R. CORSIGLIA, J. *(concurring).* I concur with the holding in this case. However, I believe that mere silence in the face of an accusation after a suspect has been given *Miranda* warnings is of very limited relevance. Nevertheless the conduct of the witness in this case is more than sufficient to justify its use to impeach her testimony. The record indicates that, at a minimum, the witness made out a fictitious sales slip and then accompanied the defendant to the police department where he presented it to the police and she stood by

while the defendant put forth a story that the tent was purchased at another K-Mart. In the context of this conduct her silence is relevant for impeachment purposes. See *Jenkins v Anderson,* — US —; 100 S Ct 2124; 65 L Ed 2d 86 (1980).