PEOPLE v KIM

Docket No. 60652. Submitted January 13, 1983, at Lansing.—Decided
March 22, 1983.

Defendant, Henry Kim, was convicted by a jury in Oakland
Circuit Court of conspiracy to kidnap, kidnapping, and posses-
sion of a firearm during the commission of a felony. At trial, a
res gestae witness was not produced by the prosecution. There-
fore, a hearing was conducted to determine whether due dili-
gence had been used to produce the witnesses. At the conclu-
sion of the hearing the trial court, Frederick C. Ziem, J., ruled
that due diligence had been utilized in attempting to secure the
presence of the witness. Defendant appeals alleging that the
trial court's finding of due diligence constituted an abuse of
discretion. *Held:*

1. Due diligence does not require the prosecution to apply to
the court of record in the county where the witness is found for
process to compel the return of the witness to Michigan.
Michigan's law does not make it mandatory that the prosecu-
tion apply to the court in another state for process to compel
return of a witness to Michigan. The procedure is optional with
either the prosecution or the defense.

2. The trial court's ruling was not an abuse of discretion.

Affirmed.

1. WITNESSES — CRIMINAL LAW — RES GESTAE WITNESSES.

A prosecutor has a duty to endorse all res gestae witnesses on the
information and produce them at trial (MCL 767.40; MSA
28.980).

2. WITNESSES — CRIMINAL LAW — RES GESTAE WITNESSES — PRODUC-
TION OF WITNESSES — APPEAL — DUE DILIGENCE.

A prosecutor's failure to produce a res gestae witness at trial is

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur 2d, Indictments and Informations § 60.
[1, 2] 81 Am Jur 2d, Witnesses § 2.
[3] 81 Am Jur 2d, Witnesses § 8.
    Uniform act to secure attendance of witnesses from without a state
    in criminal proceedings. 44 ALR2d 732.

excused only if due diligence was exercised in attempting to produce such witness; the question of whether due diligence is shown is a matter for the discretion of the trial court whose decision will be overturned on appeal only where an abuse of discretion is shown.

3. WITNESSES — CRIMINAL LAW — RES GESTAE WITNESSES — PRODUCTION OF WITNESSES — DUE DILIGENCE — OUT OF STATE WITNESSES.

Due diligence in producing an out-of-state res gestae witness for a trial does not require the prosecution to apply to the court of record in the county where the witness is found for process to compel the return of the witness to Michigan; such application for process to compel the return of a witness in accordance with the uniform act to secure attendance of witnesses from without a state is optional with either the prosecution or the defense (MCL 767.91 *et seq.;* MSA 28.1023[191] *et seq.).*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Robert F. Davisson,* Assistant Prosecuting Attorney, for the people.

*Lawrence G. Kaluzny,* for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and CYNAR and H. W. MOES,* JJ.

PER CURIAM. Defendant was convicted by a jury of conspiracy to kidnap, contrary to MCL 750.157a; MSA 28.354(1), kidnapping, contrary to MCL 750.349; MSA 28.581, and felony-firearm, contrary to MCL 750.227b; MSA 28.424(2). Thereafter sentenced to concurrent prison terms of 6 months to 20 years on the kidnapping counts and 2 years on the felony-firearm count, defendant appeals as of right.

At trial, Kim Kelly, a res gestae witness, was

* Circuit judge, sitting on the Court of Appeals by assignment.

not produced by the prosecution. As a result, a *Pearson* hearing was conducted to determine whether due diligence had been used to produce said witness. Sargeant Havner, the officer in charge of the case, was the only one to testify at said hearing.

On April 4, 1981, in an attempt to produce Ms. Kelly, Havner first contacted the Salt Lake City police who indicated she might be in Houston, Texas, and additionally supplied him with Ms. Kelly's parents' phone number.

On April 8, 1981, Havner contacted Ms. Kelly's parents. They gave him Ms. Kelly's work number in Houston. Thereafter, Havner contacted Ms. Kelly at work and she indicated she would appear in court. Havner additionally informed her that a Michigan subpoena had been issued for her appearance in court and that he would make the necessary flight arrangements. On June 22, 1981, Havner again contacted Ms. Kelly and advised her of the flight information. In the meantime, he was informed by the Texas authorities that Ms. Kelly had been personally served.

On June 24, 1981, Havner attempted to contact Ms. Kelly at work but was told she no longer worked there. Moreover, her home phone had been disconnected. After contacting the Texas authorities once again, they indicated that Ms. Kelly had had car trouble and was unable to make the flight.

The next day Havner made new flight arrangements and contacted Ms. Kelly's apartment manager. He requested that Ms. Kelly call him. Ms. Kelly called Havner and assured him she would arrive for trial. However, she never arrived at Metro Airport. Havner made several more unsuccessful attempts to locate Ms. Kelly. At the conclusion of the hearing the trial court ruled that due

diligence had been utilized in attempting to secure Ms. Kelly's presence for trial.

The prosecution has the duty to endorse all res gestae witnesses on the information and produce them at trial. MCL 767.40; MSA 28.980, *People v Freeland,* 101 Mich App 501; 300 NW2d 616 (1980). If the prosecution is unable to produce said witness at trial, such failure is excused only if due diligence is exercised. *Freeland, supra,* p 508. The question of whether due diligence is shown is a matter for the discretion of the trial court whose decision will be overturned on appeal only where an abuse of discretion is shown. *People v Fournier,* 86 Mich App 768; 273 NW2d 555 (1978).

The sole issue herein is whether the trial court's finding of due diligence constituted an abuse of discretion where the prosecution failed to utilize the statutory procedures for securing the presence of an out-of-state witness outlined in MCL 767.91 *et seq.;* MSA 28.1023(191) *et seq.*

In *People v Serra,* 301 Mich 124, 131; 3 NW2d 35 (1942), the Supreme Court rejected a similar claim stating:

"The Michigan law does not make it mandatory that the prosecution apply to the court in another state for process to compel return of a witness to this state. The procedure is optional with either the prosecution or the defense. In the case at bar, the defendants had full knowledge, and equal opportunity. The showing of diligence was sufficient to excuse the people from the requirement to produce Briggs as a witness. The prosecutor is not required to resort to the procedure referred to in this statute."

We agree with *Serra, supra,* that due diligence does not require the prosecution to apply to the court of record in the county where the witness is

found for process to compel the return of the witness to this state. See, also, *People v Ivy*, 11 Mich App 427; 161 NW2d 403 (1968); *People v Wright*, 23 Mich App 330; 178 NW2d 545 (1970); *People v McCullough*, 51 Mich App 534; 215 NW2d 774 (1974); *People v Fournier, supra.*

We recognize that there is a *contra* view. See *People v Nieto*, 33 Mich App 535; 190 NW2d 579 (1971); *People v Harrison*, 44 Mich App 578; 205 NW2d 900 (1973); *People v Gaffney*, 51 Mich App 526; 215 NW2d 587 (1974), *lv den* 392 Mich 806 (1974); *People v Kimble (After Remand)*, 64 Mich App 484; 236 NW2d 109 (1975); *People v Biondo*, 89 Mich App 96; 279 NW2d 330 (1979); *People v Freeland, supra.*

These cases appear to distinguish *Serra* stating *Serra* is "no longer valid due to the increased cooperation between the states in the area of production of out-of-state witnesses in criminal proceedings". *Freeland, supra,* pp 508-509. However, it is acknowledged that the *Serra* rationale "remains viable". See *Freeland, supra,* p 509. We agree and hold the trial court's ruling did not constitute an abuse of discretion.

Affirmed.