PEOPLE v HOWAY

Docket No. 175851. Submitted January 10, 1996, at Detroit. Decided February 28, 1997, at 9:10 A.M. Leave to appeal denied, 455 Mich 864.

Todd E. Howay was convicted by a jury in the St. Clair Circuit Court, Ernest F. Oppliger, J., of fourth-degree criminal sexual conduct. He appealed, claiming that the trial court erred in ruling that the prosecution exercised due diligence in its unsuccessful attempt to produce the complainant's psychiatrist, an endorsed, out-of-state witness, at trial even though the prosecution failed to employ the procedures of the uniform act to secure attendance of witnesses from without a state, MCL 767.91 *et seq.*; MSA 28.1023(191) *et seq.*

The Court of Appeals *held*:

A prosecutor's failure to use the uniform act does not automatically result in a finding of lack of due diligence in attempting to produce an endorsed, out-of-state witness. In each case, the trial court must look to the circumstances to determine whether use of the uniform act would have been the reasonable means to secure the witness' attendance.

In this case, the prosecution's failure to use the uniform act precludes a finding of due diligence because the prosecution sent the witness at issue a subpoena by mail with no return receipt requested, received no assurance of cooperation from the witness, and four days before the trial could not reach the witness by telephone. The witness never received the subpoena and was on vacation when the prosecution called.

On remand, the prosecution will have thirty days from the date of the Court of Appeals decision to seek a hearing to overcome the presumption that the defendant was prejudiced by the lack of due diligence to produce the witness. The trial court must conduct an evidentiary hearing within fifty-six days of the prosecution's request for a hearing. If a hearing is not requested, the conviction will be deemed vacated, and a new trial will be ordered.

Remanded.

1. WITNESSES — CRIMINAL TRIALS — ENDORSED WITNESSES — UNIFORM ACT TO SECURE ATTENDANCE OF WITNESSES FROM WITHOUT A STATE.

A prosecutor's failure to use the procedures of the uniform act to secure attendance of witnesses from without a state in an unsuc-

cessful attempt to produce at a trial an endorsed, out-of-state witness does not automatically lead to a finding of lack of due diligence to produce the witness; in each case, the trial court must look to the circumstances to determine whether use of the uniform act would have been the reasonable means to secure the witness' attendance (MCL 767.91 *et seq.*; MSA 28.1023[191] *et seq.*).

2. WITNESSES — CRIMINAL TRIALS — PROSECUTORS' FAILURE TO PRODUCE ENDORSED WITNESSES — PRESUMED PREJUDICE TO DEFENDANTS.

　A rebuttable presumption of prejudice to a defendant arises from a prosecutor's lack of due diligence to produce an endorsed witness at trial.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Elwood L. Brown*, Prosecuting Attorney, and *Peter R. George*, Chief Assistant Prosecuting Attorney, for the people.

*Kenneth M. Lord*, for the defendant.

Before: GRIBBS, P.J., and MARILYN KELLY and WHITE, JJ.

PER CURIAM. Defendant appeals as of right following his jury conviction for fourth-degree criminal sexual conduct. MCL 750.520e; MSA 28.788(5). The trial court sentenced him to one year's imprisonment.

Defendant argues that the trial court erred in finding that the prosecutor exercised due diligence in producing an endorsed witness. He asserts that his due process rights were violated where the prosecutor failed to produce requested documents regarding the efforts made to bring in the missing witness. He alleges that he was deprived of a fair trial by the judge's repeated disparaging comments about defense counsel in the presence of the jury. He argues that the court abused its discretion in allowing the prosecutor to elicit testimony from its own expert witness that a defense expert witness was on the "defense side."

Finally, he asserts that the cumulative effect of the errors necessitates a new trial. We remand.

Defendant was a trooper with the Department of State Police. He had befriended complainant, the son of one of his co-workers. In August, 1991, complainant, age fifteen, spent the night at defendant's home. After drinking seven or eight beers, complainant passed out. He awoke to find defendant sexually assaulting him.

In the fall of 1991, complainant began to show behavior and mood changes which included self-mutilation and violent outbursts. Eventually, he was committed to a psychiatric hospital for ten days. There were indications that his problems might have stemmed from his parents' acrimonious divorce. Complainant revealed the sexual abuse to his father in February, 1993 and obtained further therapy.

I

Defendant argues that his conviction must be reversed, because the prosecution failed to produce Dr. Raymond Buck, complainant's treating psychiatrist, an endorsed witness. He argues that, by not utilizing the statutory procedure for securing the presence of an out-of-state witness, the prosecution cannot establish due diligence. MCL 767.91 *et seq.*; MSA 28.1023(191) *et seq.*

Months before trial, the prosecution stated that subpoenas were sent to Dr. Buck who had relocated to Connecticut. According to the prosecution, there was no reason to believe that he would not be cooperative. Four days before trial, the prosecution called Dr. Buck to arrange his travel plans, but was unable to reach him. Apparently, Dr. Buck never received the

subpoena and was on vacation when the prosecution called.

The prosecution must produce all endorsed witnesses at trial. *People v Jackson*, 178 Mich App 62, 65; 443 NW2d 423 (1989). Relief will be afforded by a showing that a witness could not be produced despite the exercise of due diligence. *People v Wolford*, 189 Mich App 478, 483-484; 473 NW2d 767 (1991). Due diligence is the attempt to do everything reasonable, not everything possible, to obtain the presence of a witness. *People v Cummings*, 171 Mich App 577, 585; 430 NW2d 790 (1988).

Our Supreme Court has stated that the prosecution is not required to apply to the court in another state for process to compel production of a witness in Michigan. *People v Serra*, 301 Mich 124; 3 NW2d 35 (1942). Under the Uniform Act, the procedure is optional and is available to both the prosecution and the defense. See MCL 767.91 *et seq.*; MSA 28.1023(191) *et seq.*

However, a line of decisions of this Court has stated that the reasoning of *Serra* is no longer valid. It points to increased cooperation between the states in the production of out-of-state witnesses in criminal proceedings. *People v Freeland*, 101 Mich App 501, 508-509; 300 NW2d 616 (1980); *People v Gaffney*, 51 Mich App 526; 215 NW2d 587 (1974); *People v Harrison*, 44 Mich App 578; 205 NW2d 900 (1973); *People v Nieto*, 33 Mich App 535; 190 NW2d 579 (1971). These cases hold that, if the prosecution knows what court has jurisdiction to compel attendance of an endorsed out-of-state witness, the prosecutor must use the statute to produce the witness.

Other panels of this Court have continued to follow *Serra*, holding that the use of the Uniform Act is discretionary. *People v Kim*, 124 Mich App 421, 424-425; 335 NW2d 58 (1983); *People v McCullough*, 51 Mich App 534; 215 NW2d 774 (1974); *People v Ivy*, 11 Mich App 427; 161 NW2d 403 (1968).

II

We hold that, under the circumstances presented here, the prosecution's failure to use the Uniform Act to compel Dr. Buck's attendance at trial precludes a finding of due diligence. The prosecution had at its disposal a means of securing Dr. Buck's attendance, yet failed to utilize it or a reasonable alternative to it. There is no indication that it had any contact with Dr. Buck before trial. It sent a subpoena to him, not mailed return receipt requested, months before trial. It had no idea whether Dr. Buck would appear for trial. Where the prosecution mails a subpoena to an out-of-state witness and receives no assurance of cooperation, a reasonable means of securing the witness's attendance is the Uniform Act. Here, the prosecution's failure to use the Act or to take other reasonable measures precludes a finding of due diligence.

We do not hold that failure to use the Uniform Act will automatically result in a finding of lack of due diligence in every instance. Rather, the court must look to the circumstances of each case to determine whether use of the Act would have been the reasonable means to secure the witness's attendance.

Because due diligence was not used in attempting to produce Dr. Buck, the trial court must assess, at a postremand hearing, whether defendant was prejudiced by his absence. Defendant is presumed

prejudiced until the contrary is established. *Cummings, supra* at 584.

The prosecution shall have thirty days after release of this opinion to seek relief in a postremand hearing to determine whether defendant was prejudiced by the nonproduction of the witness. *People v Pearson,* 404 Mich 698, 723-724; 273 NW2d 856 (1979); *Cummings, supra* at 586-587. The trial court shall conduct the evidentiary hearing within fifty-six days after the prosecution seeks relief. If the prosecution fails to seek a postremand hearing, the conviction shall be deemed vacated and a new trial ordered. *Id.*

Remanded. We do not retain jurisdiction.